**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**CYNTHIA E.,**

                                              **Plaintiff,**

          **vs.**                                              **5:22-CV-974**
                                                               **(MAD/DEP)**

**COMMISSIONER OF SOCIAL SECURITY,**

                                              **Defendant.**
_____

**APPEARANCES:**                              **OF COUNSEL:**

**OLINSKY LAW GROUP**                         **HOWARD D. OLINSKY, ESQ.**
250 South Clinton Street - Suite 210          **CAEDEN SEHESTED, ESQ.**
Syracuse, New York 13202
Attorneys for Plaintiff

**SOCIAL SECURITY ADMINISTRATION**            **GEOFFREY M. PETERS, ESQ.**
6401 Security Boulevard
Baltimore, Maryland 21235
Attorney for Defendant

**Mae A. D'Agostino, U.S. District Judge:**

## ORDER

        Plaintiff, Cynthia E., commenced this action pursuant to 42 U.S.C. § 405(g) seeking

review of the decision of the Commissioner of Social Security (the "Commissioner") denying her

application for Social Security Disability Insurance Benefits.  *See* Dkt. No. 1.  In a Report-

Recommendation dated October 17, 2023, Magistrate Judge David E. Peebles recommended that

(1) Plaintiff's motion for judgment on the pleadings be denied; (2) Defendant's motion for

judgment on the pleadings be granted; and (3) the Commissioner's decision be affirmed.  *See* Dkt.

No. 21.  Plaintiff objected to the Report-Recommendation and Defendant responded.  *See* Dkt. Nos. 22, 23.

When a party files specific objections to a magistrate judge's report and recommendation, the district court makes a "de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1).  However, when a party files "[g]eneral or conclusory objections, or objections which merely recite the same arguments presented to the magistrate judge," the court reviews those recommendations "for clear error."  *O'Diah v. Mawhir*, No. 9:08-CV-322, 2011 WL 933846, *1 (N.D.N.Y. Mar. 16, 2011) (citations and footnote omitted).  "When performing such a 'clear error' review, 'the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Boice v. M+W U.S., Inc.*, 130 F. Supp. 3d 677, 685 (N.D.N.Y. 2015) (citation and footnote omitted).  After the appropriate review, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1).

The parties have not raised any objections to the background or the legal framework set forth in the Report-Recommendation.  *See* Dkt. Nos. 22, 23.  The Court therefore adopts Magistrate Judge Peebles's summary of the factual and procedural background and applicable law, and presumes familiarity with those matters for the purposes of this decision.

Plaintiff objects to Magistrate Judge Peebles' conclusion that the ALJ's determination is supported by substantial evidence and asks the Court to conduct a *de novo* review of the ALJ's decision.  *See* Dkt. No. 22.  Defendant argues that Plaintiff's objections are conclusory and that the Report-Recommendation should be reviewed for clear error.  *See* Dkt. No. 23 at 2.  Plaintiff does set forth specific objections to Magistrate Judge Peebles's Report-Recommendation, but the

objections span the entirety of Magistrate Judge Peebles's decision.  *See* Dkt. No. 22; *see also John L. M. v. Kijakazi*, No. 5:21-CV-368, 2022 WL 3500187, *1 (quoting *Kruger v. Virgin Atl. Airways, Ltd.*, 976 F. Supp. 2d 290, 296 (E.D.N.Y. 2013)) ("A proper objection is one that identifies the specific portions of the [Report-Recommendation] that the objector asserts are erroneous and provides a basis for this assertion.  Properly raised objections must be 'specific and clearly aimed at particular findings' in the report").  Plaintiff's objections restate the arguments she raised in her initial brief: that the ALJ erred in reviewing the medical opinion from consultative examiner Marisol Valencia- Payne, Psy.D., and failed to reconcile certain limitations set forth in Plaintiff's RFC with the record evidence and medical opinions.  *Compare* Dkt. No. 22, *with* Dkt. No. 13.  As Plaintiff's objections rehash the arguments presented to Magistrate Judge Peebles, the Court will review the Report-Recommendation for clear error.  *See John L. M.*, 2022 WL 3500187, at *1 (citation omitted) ("To the extent a party makes 'merely perfunctory responses, argued in an attempt to engage the district court in a rehashing of the same arguments' set forth in the original submission, the Court will only review for clear error"); *Taylor v. Astrue*, 32 F. Supp. 3d 253, 260-61 (N.D.N.Y. 2012) ("[W]hen an objection merely reiterates the *same* arguments made by the objecting party in its original papers submitted to the magistrate judge, the Court subjects that report-recommendation to only a *clear error* review").

First, Plaintiff contends that Magistrate Judge Peebles "incorrectly assert[ed] that 'Plaintiff argues that the ALJ erred in failing to rely to a greater extent on the opinion provided by consultative examiner Dr. Marisol Valencia-Payne.'  To be clear, Plaintiff argued no such thing."  Dkt. No. 22 at 1 (quoting Dkt. No. 21 at 10).  Plaintiff did not make an argument in her initial brief precisely as Magistrate Judge Peebles stated.  *See* Dkt. No. 13.  However, in her brief, Plaintiff did argue that "[t]he ALJ's decision is premised on an improper evaluation of medical

opinion evidence and an RFC assessment for which she failed to identify any evidentiary support." *Id.* at 11.  As part of that argument, Plaintiff asserted that "the ALJ's RFC assessment is at odds with that of both the consultative examiner *and* the state agency consultants" and that "[t]he ALJ's reasoning behind her rejection of Dr. Valencia-Payne's opinion is especially confusing." *Id.* at 12, 14.  Plaintiff argued that "the ALJ's flawed opinion evaluation and unsupported RFC assessment were potentially outcome determinative and necessitate remand." *Id.* at 18.  That is because Dr. Valencia-Payne opined moderate-to-marked limitations, the ALJ rejected the marked limitations, but had the ALJ adopted those limitations, Plaintiff would have been found to be disabled.  *See id.* at 6, 13-16.  In her objections, Plaintiff does not explain how Magistrate Judge Peebles should have framed her argument.  *See* Dkt. No. 22 at 1.  The Court agrees with Defendant that although Plaintiff did not make an argument precisely as Magistrate Judge Peebles framed it, Magistrate Judge Peebles did not misconstrue Plaintiff's challenge to the ALJ's decision.  *See* Dkt. No. 23 at 2.

Plaintiff also objects because "the Report and Recommendation does not address her threshold argument that the ALJ impermissibly mischaracterized her activity, specifically with regard to her ability to adequately care for her grandchildren." Dkt. No. 22 at 3.  Plaintiff's contention is inaccurate as Magistrate Judge Peebles specifically addressed the ALJ's reliance on Plaintiff's ability to care for her grandchildren.

In determining Plaintiff's RFC, the ALJ reviewed Dr. Valencia-Payne's opinion.  *See* Dkt. No. 10, Administrative Transcript ("Tr.") at 18.  The ALJ concluded that the opinion was "somewhat persuasive" because "[t]he opinion is supported by the noted findings from the Doctor's examination of the claimant; however, it is not entirely consistent with the evidence in the overall record." *Id.*  The ALJ stated that "Dr. Valencia-Payne opined that the claimant has

4

moderate to marked limitations in multiple areas of mental functioning, but the record only supports moderate limitations in those areas." *Id.* The ALJ addressed specific examples, first by noting that "Dr. Valencia-Payne concluded that the claimant has moderate to marked limitations in regulating emotions, controlling behavior, and maintaining well-being and interacting adequately with supervisors, coworkers, and the public. Although, the claimant was often tearful, she was able to communicate with her treatment providers." *Id.* (citations omitted). He noted that Plaintiff "was also able to interact with child protective services and set up counseling for her grandchildren." *Id.* (citations omitted). Then, the ALJ explained that "the Doctor said the claimant has moderate to marked limitations in sustaining concentration and performing a task at a consistent pace and sustaining an ordinary routine and regular attendance at work. However, the claimant was able to adequately take care of her 3 young grandchildren, who have social emotional issues." *Id.* (citation omitted). He continued by noting that "[s]he was able to set up counseling for the children and move their residence. Finally, the claimant told her health care provider in May of 2020 that she was laid off. The claimant's file further reflects that she received significant unemployment benefits." *Id.* (citations omitted).

Magistrate Judge Peebles explicitly addressed Plaintiff's argument "that the reasons the ALJ provided to support her consistency analysis are insufficient" and concluded that the ALJ's reasoning was "valid" "even though the record does admittedly contain other evidence that plaintiff experienced difficulties as a result of her mental health symptoms." Dkt. No. 21 at 14-15. Magistrate Judge Peebles added that

> although plaintiff clearly was experiencing significant symptoms of
> anxiety and depression as evidenced in the treatment notes . . . it is
> also true that . . . plaintiff obtained custody of her three
> grandchildren, was searching for an apartment for them all to live

> in, was directing the children's homeschooling because of the
> COVID-19 pandemic, and was setting up counseling for the
> two older grandchildren through their school, all with little help
> from her own adult children.

*Id.* at 16 (citations omitted).  He also reiterated Plaintiff's statement that, while she was getting

little sleep and felt alone in caring for her grandchildren, "she was 'able to pull herself together

and get things done.'"  *Id.* at 17 (citation omitted).  He repeatedly acknowledged the records

indicating that Plaintiff experienced "significant stress and emotional difficulties" and "significant

ongoing mental symptoms."  *Id.* (citations omitted).  Magistrate Judge Peebles clearly explained,

> notwithstanding the fact that another adjudicator might have
> interpreted the evidence in the different manner if tasked with
> deciding [P]laintiff's claim in the first instance, I am unable say that
> the ALJ was unreasonable in interpreting the evidence related to
> plaintiff's ability to care for her three grandchildren after assuming
> custody, which included homeschooling them, managing their
> emotional needs and care, and interacting with child services and
> the school, as being indicative of an ability to regulate her emotions
> and interact with others to an extent greater than believed by the
> one-time consultative examiner.

*Id.*

Magistrate Judge Peebles then noted that he was "less convinced that plaintiff's ability to

take care of her grandchildren, and particularly the ability to set up counseling for them and move

their residence, reasonably support[ed]" moderate limitations in sustaining concentration, pace,

and attendance.  Dkt. No. 21 at 17-18.  He stated that the record was silent as to the details of

Plaintiff arranging counseling and homeschooling her grandchildren.  *See id.* at 18.  Nevertheless,

Magistrate Judge Peebles concluded that the ALJ's RFC determination was supported by

substantial evidence based on a review of the ALJ's entire decision and the record.  This was

largely because of the ALJ's reliance on Plaintiff's other activities of daily living, therapy records

revolving around Plaintiff's grief, and the non-examining disability examiners' opinions which the

ALJ found to be persuasive. *See id.* at 18-26. Magistrate Judge Peebles noted precisely where the ALJ did not sufficiently explain how Plaintiff's caring for her grandchildren altered the ALJ's reliance on Dr. Valencia-Payne's opinion, and the Court finds no clear error in that analysis.

Next, Plaintiff contends that Magistrate Judge Peebles improperly substituted his own opinion or used "*post hoc* rationalizations" to support his conclusion. Dkt. No. 22 at 4. It is true that the Court may not substitute its own opinion as to whether Plaintiff is disabled in place of the ALJ's opinion, nor can the Court provide explanations that the ALJ did not provide or that are not evident from the record. *See Hilton v. Kijakazi*, 602 F. Supp. 3d 558, 562 (S.D.N.Y. 2022) (citing *Genier v. Astrue*, 606 F.3d 46, 49 (2d Cir. 2010)) ("[I]f a court finds that there is substantial evidence supporting the Commissioner's decision, the court must uphold the decision, even if there is also substantial evidence for the claimant's position"). In *Loucks v. Kijakazi*, the Second Circuit explained that even if an ALJ commits procedural error in his or her articulation of the regulatory factors, a court "could affirm if a searching review of the record assures [the Court] that the substance of the [regulation] was not traversed." No. 21-1749, 2022 WL 2189293, *2 (2d Cir. June 17, 2022) (quotation marks omitted) (second alteration in original) (quoting *Estrella v. Berryhill*, 925 F.3d 90, 95 (2d Cir. 2019)). Following *Loucks*, this Court has noted that "while a reviewing court may not affirm the Commissioner's decision based on an impermissible post-hoc rationalization, it may affirm where the ALJ's consideration of the relevant factors can be gleaned from the ALJ's decision as a whole." *John L. M.*, 2022 WL 3500187, at *2 (citations omitted); *see also Alexa J. M. v. Kijakazi*, No. 5:22-CV-243, 2023 WL 4467124, *2 & n.4 (N.D.N.Y. July 11, 2023); *Adam R. T. v. Comm'r of Soc. Sec.*, No. 5:21-CV-1170, 2023 WL 1775689, *2 (N.D.N.Y. Feb. 6, 2023); *Domenica Alberta S. v. Comm'r of Soc. Sec.*, No. 6:21-CV-379, 2022

WL 4591873, *2 (N.D.N.Y. Sept. 30, 2022); *Sean S. v. Comm'r of Soc. Sec.*, No. 5:22-CV-1071, 2023 WL 6936878, *1 (N.D.N.Y. Oct. 20, 2023).

In his Report-Recommendation, Magistrate Judge Peebles concluded that the ALJ's determination is supported by substantial evidence because the ALJ found the non-examining consultants P. Fernandez, Ph.D., and L. Hoffman, Ph.D.'s opinions to be persuasive. *See* Dkt. No. 21 at 20-22. Plaintiff argues that this is a post-hoc rationalization because the ALJ did not state that she was rejecting Dr. Valencia-Payne's opinion because of the state agency consultants' opinions and because the state agency consultants concluded that Plaintiff had moderate limitations, despite relying on Dr. Valencia-Payne's moderate-to-marked limitations. *See* Dkt. No. 22 at 4-5.

It is true that the ALJ did not state that Drs. Fernandez and Hoffman reviewed Dr. Valencia-Payne's opinion and concluded that Plaintiff had moderate limitations, which was not entirely consistent with Dr. Valencia-Payne's opined moderate-to-marked limitations. The ALJ also did not state that she was adopting Drs. Fernandez and Hoffman's opinions over Dr. Valencia-Payne's opinion because the former were more consistent with the entire record. *See* Tr. at 17-18.

However, Magistrate Judge Peebles acknowledged this, stating that "[s]uch finding not only provides support for the RFC finding overall, but also serves as an additional reason, albeit not explicitly connected to such finding by the ALJ, as to why the ALJ's rejection of any greater-than-moderate restrictions was consistent with the other evidence in the record." Dkt. No. 21 at 20. This is not an improper post-hoc rationalization. Magistrate Judge Peebles reviewed the ALJ's decision as a whole and was able to glean the ALJ's rationale: the ALJ found the moderate limitations from Drs. Fernandez and Hoffman to be persuasive and the moderate-to-marked

limitations from Dr. Valencia-Payne somewhat persuasive because the marked limitations were not supported by the record and the other opinions.

As Magistrate Judge Peebles explained, "the state agency sources' prior administrative findings seemingly either did not interpret that opinion to be as restrictive in specific functional terms as plaintiff argues it is, or they tempered their reliance in light of the other evidence in the record." Dkt. No. 21 at 21. The state agency opinions list the evidence they relied on which included more than just Dr. Valencia-Payne's opinion. *See* Tr. at 72-73, 92-93. It is not clear error for Magistrate Judge Peebles to review the record and the ALJ's entire decision and conclude that the RFC is supported by substantial evidence where the ALJ concluded that moderate limitations were persuasive, moderate-to-marked limitations were somewhat persuasive, and the state agency consultants reviewed more than just Dr. Valencia-Payne's consultative examination.

Plaintiff next objects to Magistrate Judge Peebles's Report-Recommendation because "[t]he Magistrate Judge has not addressed Plaintiff's argument that the ALJ legally erred by failing to explain how the evidence she specified would support her RFC." Dkt. No. 22 at 5. Plaintiff's objections negate her own contention. She states that Magistrate Judge Peebles "appears to 'agree'" with her argument, "suggests that the incongruence . . . is justified," and "attempts to provide post hoc reasoning." *Id.* at 6-7. Plaintiff acknowledges that Magistrate Judge Peebles did address the issue, and he did so explicitly. Plaintiff simply does not agree with Magistrate Judge Peebles's conclusions.

Plaintiff argues that the ALJ's RFC determination and Magistrate Judge Peebles's Report-Recommendation are flawed because neither reconciled the difference between (1) the ALJ limiting Plaintiff to interacting occasionally with coworkers and supervisors and having no

contact with the public, and (2) the consultative examiner's opined moderate-to-marked limitations interacting with others, and the state agency consultants' opined limitation "to brief and superficial contact" with others.  *See* Dkt. No. 22 at 5-7.

Again, Magistrate Judge Peebles expressly acknowledged that "the ALJ did not provide a specific explanation for" the ALJ's differentiation in interacting with the public versus coworkers and supervisors and that "the ALJ did not explain how a limitation for brief and superficial contact would equate to an ability to occasionally interact with coworkers and supervisors."  Dkt. No. 21 at 23-24.  However, Magistrate Judge Peebles explained that "as both parties appear to acknowledge, the ALJ is not required to adopt any source's opined limitations verbatim"; "'[o]ccasional' is defined by agency policy as 'occurring from very little up to one-third of the time'"; and "[a] moderate limitation in interaction can be reasonably interpreted as an ability to occasionally interact."  *Id.* at 24-25.

Additionally, during Plaintiff's hearing, she testified that if she goes grocery shopping or something similar, she puts "headphones in so that [she is] concentrating more on that as opposed to how many people are in the store . . . .  [She has] taken to going to smaller stores, basically kind of trying to eliminate how much exposure [she has] to have with other people."  Tr. at 43.  She stated that she did not like going to places that remind her of her deceased son and that staying home is "safer."  *Id.* at 44.  The ALJ then stated to the Vocational Expert when presenting a hypothetical RFC that "[t]he claimant should have occasional contact with coworkers and supervisors.  And I'm going to change it, based on the Claimant's testimony, to no public contact."  *Id.* at 49; *see also* Dkt. No. 21 at 3 (reiterating Plaintiff's hearing testimony that it is difficult for her to leave the house).

It is true that the medical providers did not distinguish between Plaintiff's ability to interact with the public versus supervisors and coworkers. *See* Tr. at 73, 93, 461. Some courts have found this to be an error requiring remand. *See, e.g.*, *Laurie Ann P. v. Comm'r of Soc. Sec.*, No. 21-CV-6382, 2023 WL 2259806, *3, *5 (W.D.N.Y. Feb. 28, 2023) (explaining that the ALJ concluded that the plaintiff "can have frequent interaction with supervisors but only occasional interaction with coworkers and the public" and remanding because the medical consultants opined moderate imitations in interacting but "[t]he ALJ . . . does not distinguish how she could interact with one group of people (frequent interactions with her supervisors . . .) but not others (occasionally with coworkers and public . . .) despite finding at Step Two she had moderate difficulty interacting with others"); *Michelle J. v. Comm'r of Soc. Sec.*, No. 20-CV-01834, 2022 WL 17540647, *4 (W.D.N.Y. Dec. 8, 2022) (citations omitted) (remanding because "Dr. Farmer opined that plaintiff has a moderate limitation with interacting adequately with supervisors, co-workers, and the public. Dr. D'Ortona also opined that plaintiff is moderately limited in her ability to . . . get along with coworkers or peers without distracting them or exhibiting behavioral extremes. . . . If an ALJ wants to assess different levels of interactions for different groups of people, such differences in the RFC must be properly explained").

However, as Magistrate Judge Peebles explained, the ALJ's RFC limitation to no contact with the public is more restrictive than Drs. Valencia-Payne, Fernandez, and Hoffman's opinions and more favorable to Plaintiff. *See* Dkt. No. 21 at 23-24. Plaintiff did not explain in her brief, reply, or objections why the ALJ's more restrictive limitation is harmful. *See* Dkt. Nos. 13, 18, 22. As such, the Court finds no clear error in Magistrate Judge Peebles's Report-Recommendation. *See Vincent K.-B. v. Saul*, No. 3:20-CV-157, 2021 WL 535052, *5 (N.D.N.Y. Feb. 12, 2021) (declining to remand where "[t]he ALJ added additional restriction to the category

of interacting with the public.  While the ALJ failed to explain the imposition of differing levels of interaction restrictions, [p]laintiff does not provide any argument as to why this additional restriction is harmful.  Despite the lack of an express rationale for the distinction, the ALJ nonetheless found that the more restrictive RFC still permitted [p]laintiff to work"); *Kiyantae N. v. Comm'r of Soc. Sec.*, No. 20-CV-6998, 2022 WL 2758309, *4 (W.D.N.Y. July 14, 2022) (citation omitted) ("[T]o accommodate [p]laintiff's limitation in tolerating changes in the work routine, the ALJ stated that [p]laintiff can tolerate, on occasion, simple changes in work routine. Accordingly, the Court sees no harmful error in these portions of the ALJ's RFC as his assessments on these limitations were more restrictive than Dr. Deneen's opinion").

In her objections, Plaintiff relies on *Rylee J. C. v. Comm'r of Soc. Sec.*, No. 5:22-CV-0331, 2023 WL 3182637, *9 (N.D.N.Y. May 1, 2023) and *Daniel W. v. Comm'r of Soc. Sec.*, No. 20-CV-1786, 2023 WL 3220502, *3 (W.D.N.Y. May 3, 2023), to argue that remand is necessary where the ALJ did not articulate in her decision why she limited Plaintiff to lesser interactions with the public than with supervisors or coworkers.  *See* Dkt. No. 22 at 6.  Neither case alters the Court's conclusion.

In *Rylee J. C.*, the Court remanded an ALJ's decision where "the ALJ rejected" three medical opinions, two of which concluded that there was not enough evidence in the record to determine the plaintiff's eligibility for disability.  *See Rylee J.C.*, 2023 WL 3182637, at *8.  The ALJ also stated that there was no evidence of functional limitations despite record evidence indicating otherwise.  *See id.* at *9.  The Court remanded because "although the ALJ was not required to rely on a medical opinion, he mischaracterized the record, failed to account for relevant treatment notes, and did not cite substantial evidence in determining [p]laintiff's RFC." *Id.*  In *Daniel W.*, "the ALJ did not purport to rely on" two medical sources' opinions, but instead

relied on "imaging studies and clinical findings." *Daniel W.*, 2023 WL 3220502, at *3. Therefore, it was unclear to the court where the ALJ derived the plaintiff's RFC. *Id.*

Here, the ALJ expressly relied on the state agency consultants' and the consultative examiner's opinions as well as Plaintiff's testimony and activities of daily living, concluded that Plaintiff had moderate limitations in interacting with others (which is defined as occasionally), and further accommodated Plaintiff by limiting her to no contact with he public. *See* Tr. at 16-18. Magistrate Judge Peebles then thoroughly reviewed the ALJ's entire decision and the administrative record to determine that those conclusions were supported by substantial evidence or, at least, were not harmful to Plaintiff. *See* Dkt. No. 21.

As explained, the substantial evidence standard is highly deferential. As set forth by Magistrate Judge Peebles, it is evident that the ALJ determined that the moderate limitations in Drs. Fernandez and Hoffman's opinions, and the moderate half of Dr. Valencia-Payne's moderate-to-marked limitations were persuasive because they were supported by their examinations or record review and consistent with the record. The ALJ was not as explicit in her decision as she could have been. However, the Court does not find in clear error in Magistrate Judge Peebles's analysis or conclusion where he clearly set forth the strengths and weakness of the ALJ's decision, and soundly concluded that the decision was supported by the "more than a mere scintilla" of evidence required to satisfy substantial evidence. *See Lesterhuis v. Colvin*, 805 F.3d 83, 87 (2d Cir. 2015) (citation omitted) ("Substantial evidence is 'more than a mere scintilla' and 'means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion'").

After carefully reviewing the Report-Recommendation, the entire record in this matter, and the applicable law, the Court hereby

**ORDERS** that Magistrate Judge Peebles's Report-Recommendation (Dkt. No. 21) is **ADOPTED** in its entirety for the reasons set forth herein; and the Court further

**ORDERS** that Plaintiff's motion for judgment on the pleadings (Dkt. No. 13) is **DENIED**; and the Court further

**ORDERS** that Defendant's motion for judgment on the pleadings (Dkt. No. 17) is **GRANTED**; and the Court further

**ORDERS** that the Commissioner's decision is **AFFIRMED**; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in Defendant's favor and dismiss Plaintiff's complaint; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED**.

Dated: December 5, 2023
Albany, New York

Mae A. D'Agostino
U.S. District Judge